**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Winston George ROSS, Defendant— Appellant.**

**No. 05–50878.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2009.

Filed Jan. 26, 2009.

---

ed by 9th Cir. R. 36–3.

Becky S. Walker, Esq., Douglas A. Axel, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Schafler, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: TROTT, KLEINFELD and IKUTA, Circuit Judges.

## MEMORANDUM *

Winston George Ross appeals his conviction and sentence for operating a pyramid scheme. We affirm.

Ross argues that the district court abused its discretion in denying his application for a Fed.R.Crim.P. 17(b) sub-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

poena. Assuming, without deciding, that the district court erred, any error was harmless beyond a reasonable doubt. Mischler's testimony was inculpatory and could not have supported a good faith defense. It showed that Ross began soliciting investments before meeting Mischler and continued to do so after he knew Mischler had lost $500,000.

The district court's sentence is procedurally sound. "[W]hen a defendant's arguments are straightforward and uncomplicated, the district court does not abuse its discretion when it listens to the defendant's arguments and then simply [finds those] circumstances insufficient to warrant a sentence lower than the guidelines range." *United States v. Stoterau*, 524 F.3d 988, 999 (9th Cir.2008) (internal quotation marks omitted). The within-Guidelines sentence is also substantively reasonable. "We recognize that a Guidelines sentence will usually be reasonable.... [W]hen the judge's discretionary decision accords with the Commission's view ... it is probable that the sentence is reasonable." *United States v. Carty*, 520 F.3d 984, 994 (9th Cir.2008) (en banc) (internal quotation marks omitted). This one was. Ross defrauded many people and stole many millions of dollars.

 The amount of restitution was supported by the record at the time of sentencing. The restitution statute requires *individualized* assessments of loss. *See* 18 U.S.C. §§ 3663(a)(1)(B)(i)(I), 3664(a) (2006). The presentence report specifies that the listing of the victims' losses was prepared on an individualized basis. The record at the time of sentencing shows that Kevin Smith invested $35,000, but was only given $33,500 in restitution. The difference is due to the repayments that he said he received. Even if there was error, such error is harmless because the later declaration clearly supports the amount of restitution.

The restitution schedule is supported by the record. Immediate repayment is the rule. 18 U.S.C. § 3572(d)(1) (2006); *United States v. Martin*, 278 F.3d 988, 1006 (9th Cir.2002). Exceptions may be made in the interests of justice, such as when the defendant is not able to make more than nominal periodic payments. 18 U.S.C. §§ 3572(d)(1), 3664(f)(3)(B) (2006). The burden is on the defendant to prove that he is unable to make immediate repayment. 18 U.S.C. § 3664(e) (2006). Ross did not meet this burden. The presentence report states that "the financial statement provided by Ross may not reflect his true financial condition.... It is unlikely, considering the limited value of the assets listed by Ross, that the fraudulently obtained funds have been expended."

**AFFIRMED.**

